FILED
AUG 02 2017

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| DUANE EISENBERG and<br>JANNA EISENBERG, individually<br>and as husband and wife,<br><br>     Plaintiffs,<br><br>vs.<br><br>SORIN GROUP DEUTSCHLAND GMBH,<br>and SORIN GROUP USA, INC.,<br><br>     Defendants. | \*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\*<br>\* | CIV 16-4175<br><br><br><br>MEMORANDUM OPINION IN SUPPORT<br>OF PROTECTIVE ORDER |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## FACTUAL BACKGROUND

The following factual allegations are contained in Plaintiffs' Complaint. Doc. 1.

In June of 2015, Plaintiff Duane Eisenberg underwent aortic valve replacement surgery at Sanford Medical Center in Sioux Falls, South Dakota. *Id.* at ¶ 38. In the months following his surgery, Mr. Eisenberg's health steadily deteriorated and in November of 2016, he was diagnosed with *mycobacterium chimaera* (*M. chimaera*). *Id.* at ¶¶ 39-41. In December of 2016, Plaintiffs filed suit against Defendants alleging Mr. Eisenberg was exposed to *M. chimaera* during surgery as a result of the use of Defendants device, the Sorin 3T Heater-Cooler (the "3T Device"). *Id.* at ¶¶ 49-93.

## PROCEDURAL BACKGROUND

On June 22, 2017, Defendants filed a Motion for Entry of a Protective Order and Plaintiffs responded. Doc. 40-41. The parties agreed as to the contents of the proposed protective order, with the exception of Paragraphs 2 and 3, which concerned the scope of access to and use of protected confidential information. Defendants' proposed order sought to limit dissemination of confidential information to this case and any other cases where Plaintiffs' counsel is counsel of record.[1] Doc. 40; 43. Conversely, Plaintiffs' proposed order sought to

---

[1] The disputed portions of Paragraph 2 and 3 of Defendant's proposed order read as follows:

   2.   **Limitations on Use.** Protected Materials and their contents, as well as copies, summaries, notes, memoranda and computer databases relating thereto, shall be and remain

1

expand the protective order to allow counsel for victims to share produced documents and information.[2] Doc. 41.

---

confidential, and shall not be disclosed in any fashion, nor be used for any purpose other than the analysis and preparation for trial of this action, or for the analysis and preparation for trial of another lawsuit where Cadwell Sanford Deibert & Garry LLP is or will be counsel of record and a lawsuit has been served properly, is filed within the United States of America, involves the 3T device, and where LivaNova Deutschland GmbH and/or Sorin Group USA, Inc. are named defendants. To the extent Protected Materials produced in the captioned action are used in another properly filed and served lawsuit involving the 3T device (where LivaNova Deutschland GmbH and/or Sorin Group USA, Inc. are named defendants and Cadwell Sanford Deibert & Garry LLP is a counsel of record plaintiff's counsel shall identify to Defendants' counsel the other lawsuit by caption (including parties, court, and docket number). No other disclosure or use shall be made, except with the prior written consent of the party or other person originally designating a document as Protected Material or as hereinafter provided under this Order. Any other use is prohibited.

3. **Access to Protected Material.** In this lawsuit or in another lawsuit where Cadwell Sanford Deibert & Garry LLP is a counsel of record that involves the 3T device, and where LivaNova Deutschland GmbH and/or Sorin Group USA, Inc. are named defendants, protected Material may be disclosed to the parties; to the counsel of record for the parties who are actively engaged in the conduct of the litigation; to the partners, associates, secretaries, paralegal assistants, and employees of such an attorney to the extent reasonably necessary to render professional services in the litigation; to persons with prior knowledge of the documents or the confidential information contained therein, and their agents; and to court officials involved in the litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court). Subject to the provisions of subparagraph 3(d), such documents may also be disclosed:

Doc. 40-1.
[2] Paragraphs 2 and 3 of Plaintiffs' proposed order read:

2. **Limitations on Use.** Protected Materials and their contents, as well as copies, summaries, notes, memoranda and computer databases relating thereto, shall be and remain confidential, and shall not be disclosed in any fashion, nor be used for any purpose other than the analysis and preparation for trial of this action, or for the analysis and preparation for trial of another lawsuit served properly, filed within the United States of America, involving alleged NTM infection or exposure by the 3T device, and where LivaNova Deutschland GmbH and/or Sorin Group USA, Inc. are named defendants; provided that a protective order for confidentiality is entered in such lawsuit or receiving counsel executes the acknowledgment form appended to this Order (a "Related Action"). To the extent Protected materials produced in this action are used in a Related Action, Plaintiffs' counsel shall identify to Defendants' counsel the Related Action by caption (including parties, court, and docket number). No other disclosure or use shall be made, except with the prior written consent of the party or other person originally designating a document as Protected Material, or as hereinafter provided under this order. Any other use is prohibited.

3. **Access to Protected Material.** In this lawsuit or in another Related Action, protected Material may be disclosed to the parties; to the counsel of record for the parties who are actively engaged in the conduct of the litigation; to the partners, associates, secretaries, paralegal assistants, and employees of such an attorney to the extent reasonably necessary to render professional services in the litigation; to persons with prior knowledge of the documents or the confidential information contained therein, and their agents; and to court officials involved in the litigation (including court reporters, persons operating video recording equipment at depositions, and any

On July 7, 2017, after consideration of the two proposed orders, the Court entered Plaintiffs' proposed protective order. Doc. 44.

## DISCUSSION

Rule 26(c) of the Federal Rules of Civil Procedure governs the granting of a protective order and requires that "good cause" be shown for a protective order to be issued. FED. R. CIV. P. 26(c); *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (citations omitted) (finding that "it is well-established that a party wishing to obtain an order of protection over discovery materials must demonstrate that 'good cause' exists for the order of protection."). Federal courts use a balancing test in determining whether good cause exists for a protective order—balancing the requesting party's need for information against the injury that may result if uncontrolled disclosure is compelled. *Pansy*, 23 F.3d at 787 (citing Arthur R. Miller, *Confidentiality, Protective Orders, and Public Access to the Courts*, 105 HARV. L. REV. 427, 433-35 (1991)).

Courts consider a variety of factors to determine if a protective order is appropriate. *Id.* at 787-88. These factors include:

1. Whether disclosure will violate privacy interests;
2. Whether the information is being sought for a legitimate purpose or for an improper purpose;
3. Whether disclosure of the information will cause a party embarrassment;
4. Whether confidentiality is being sought over information important to public health and safety;
5. Whether the sharing of information among litigants would promote fairness and efficiency;
6. Whether a party benefitting from the order is a public entity or official;
7. Whether the case involves issues important to the public.

*Id.* The above-listed factors "are unavoidably vague" in order to allow district courts the flexibility to properly consider the circumstances of each case. *Id.* at 789; *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) (finding that "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.").

---

special master appointed by the Court). Subject to the provisions of subparagraph 3(d), such documents may also be disclosed:

Doc. 41-1.

Here, the Court entered Plaintiffs' proposed protective order pursuant to factors 1, 5, and 7.

*The disclosures do not violate Defendants' privacy interests*

Plaintiffs' proposed order is sufficiently tailored to allow only counsel in other cases against Defendants to have access to protected materials. Contrary to defense counsel's argument that "[n]othing would prevent counsel (or parties) in non-South Dakota cases from sharing the discovery documents publicly[,]" doc. 40 at 8-9, the protective order adequately restricts access to only those individuals associated with a "Related Action" and also includes a "Written Understanding" form that counsel and/or parties in related actions execute prior to receiving protected materials. *See* Doc. 44 ¶¶ 2-3; Doc. 44-1 (Exhibit A). These inclusions sufficiently protect Defendants' privacy interests.

*The sharing of information among litigants will promote fairness and efficiency*

Besides the present action, fifteen other suits remain pending against Defendants.[3] On April 5, 2017, the Multi-District Panel denied a motion for centralization in the District of South Carolina finding that "Section 1407 centralization would provide little or no benefit" as "any overlapping pretrial proceedings have been and can continue to be handled through information coordination." *In re Sorin 3T Heater-Cooler Sys. Prod. Liab. Litig.*, No. MDL 2772, 2017 WL 1282908, at *1 (U.S. Jud. Pan. Mult. Lit. Apr. 5, 2017). To this effect, the Panel explained that

> [The] ten actions [in South Carolina] were <u>brought by just two groups of plaintiffs' counsel</u> [] [and] [o]f the remaining six actions, <u>four were brought by the same plaintiffs' counsel</u>, and the parties to those actions already are working successfully to minimize overlapping pretrial proceedings by, for example, sharing discovery produced in multiple actions.

*Id.* (emphasis added). Therefore, other than Plaintiffs' counsel in the present case, only four other attorneys and/or law firms are currently associated with the actions against Defendants, and according to the Panel, most are already successfully sharing discovery information. Additionally, all of the actions currently pending against Defendants involve the alleged mechanism of infection and design defect of the 3T Device. Thus, information sought by

---

[3] Southern District of Iowa (2 cases); Western District of North Carolina (1 case); Middle District of Pennsylvania (1 case); District of South Carolina (10 cases); Western District of Texas (1 case). Doc. 40-2 (Exhibit B—Schedule A). Plaintiffs are not a party in any other case, and Plaintiffs' counsel, Cadwell, Sanford, Deibert & Garry, LLP, is not counsel in any other case against Defendants.

4

counsel and/or parties in each of the related actions, or future actions, will be similar and relevant in each case.

*The case involves issues important to the public*

Cases involving serious issues concerning human health are issues particularly important to the public. While the Court, in issuing Plaintiffs' protective order, makes no judgment as to the truth or falsity of Plaintiffs' alleged claims, it notes the serious health implications involved in this lawsuit, and the fifteen other lawsuits pending across the nation.

## CONCLUSION

Defendants' arguments that its protected materials will be "freely used" with counsel, parties, and/or the public is unfounded based on the provisions of the protective order, the Court's interests in fostering fairness and efficiency in this case and other related actions, and the serious public health implications. Similar to the findings of the Panel, the Court too finds that the issuance of Plaintiffs' protective order will work to promote fairness and efficiency by "minimiz[ing] overlapping pretrial proceedings by . . . sharing discovery . . . ." *Id.*

Dated this 2nd day of August, 2017.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
(SEAL)   DEPUTY

5